JANE A. DIX, Respondent, *v.* WALTER B. MORRIS *et al.*, Appellants.

### January 31, 1876.

Moneys received by an executor, proceeds of a sale of realty under a power in the will, whether the power was duly executed or not, are assets, and the sureties are liable for their misappropriation.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*P. E. Bland* and *J. A. Henderson*, for appellants, cited: Aubuchon *v.* Levy, 23 Mo. 99; Chambers *v.* Wright, 40 Mo. 482; Cholu *v.* Knapp, 1 Bradf. (N. Y.) 248; Foteaux *v.* Lapage, 6 Iowa, 130; Gregg *v.* Currier, 36 N. H. 204; Smith *v.* Bland, 7 B. Mon. (Ky.) 22; Stat. Ky. (1842) 240; Schwartz' Estate, 2 Harris, 47; Laws of Penn. (Dunlap's), secs. 7, 8, 9, p. 585, sec. 20, p. 587; Smith's Heirs *v.* Smith's Admr., 13 Ala. 329; Ill. Stat., sec. 103, p. 1213 (1856); Foultz *v.* Prouse, 17 Ill. 493; McCoy *v.* Scott, 2 Rawle (Penn.), 222; Adams *v.* Adams, 4 Watts, 160; Gibson *v.* Farley, 16 Mass. 280; Wag. Stat., sec. 10–37, p. 92; Coil *v.* Putnam's Admr., 46 Mo. 51–55.

*Slayback & Haeussler*, for respondents, cited: Gamble *v.* Gibson, 59 Mo. 595

BAKEWELL, J., delivered the opinion of the court.

It appears from the record in this case that Henry A. Dix, by his last will, bequeathed all his property to his wife, Jane, *durante viduitate*, for her support and the support of her five children; if she should marry, the estate then unconsumed to be divided among the children, reserving to her the interest she would have had had he died intestate. The executor, Joel G. Harper, is authorized to sell all or any portion of testator's estate, real or personal, on such terms as to him shall seem good, in order to carry out the provisions of the will.

The executor makes final settlement in the Probate Court on September 22, 1873, and judgment is thereon rendered against him for $5,813.57, balance due the estate, which he is ordered to pay the plaintiff, the widow, according to the terms of the will. From this judgment no appeal is taken.

Execution is issued against the executor, and returned *nulla bona*. The proper proceedings are commenced against the sureties, which being dismissed against Edmund F.

Dix, not served, judgment is rendered against Walter B. Morris, the other surety, and, on appeal to the Circuit Court, on trial, the court finds for plaintiff, against Morris, $6,220.51, renders judgment for the amount of the bond, $30,000, and orders execution for the amount above.

On trial in the Circuit Court, defendant offered evidence which, if admitted, would, as the other side then and there admitted, have shown that the balance found due by the executor, on final settlement, was wholly composed of rents collected, or the proceeds of real estate. This evidence was excluded as incompetent and irrelevant, and we are asked to reverse the case on the ground that the exclusion of this testimony was error.

This we cannot do. It is settled law in this State ( *Gamble* v. *Gibson*, 59 Mo. 585) that rents collected by an executor, though he be not bound to collect, are, when collected by him, assets of the estate in his hands; and we think that moneys received by him as proceeds of the sale of realty, sold under a power given by the will, whether or no that power was duly executed by compliance with all its terms and conditions, are also assets of the estate beyond a doubt. It is argued that, in the case at bar, it does not appear that it was necessary to sell for the support of the widow and children. However this may be, the proceeds of the sale belonged to the estate, were clearly assets in the executor's hands, and his sureties are liable for the amount.

We see no error in the record. The judgment of the Circuit Court is affirmed. The other judges concur.