FANNIE CRENSHAW, Guardian, etc., Appellant, v. J. F. G. BENTLEY, Administrator, etc., Respondent.

**St. Louis Court of Appeals, May 8, 1888.**

ADMINISTRATOR—COMMISSIONS.—When an administrator sells real estate of the deceased under regular orders of the probate court, receives the proceeds and disburses them in the payment of allowed demands against the estate, he is entitled to his statutory commissions on the money so received and paid out, whatever may have been the state of the title in the lands sold, or the condition of supposed trusts created by the deceased in his lifetime.

APPEAL from the Greene Circuit Court, HON. W. D. HUBBARD, Judge.

*Affirmed.*

Goode & Cravens, for the appellant: The administrator of an estate can take as assets only the property which the deceased owned at the time of his death. Rev. Stat., secs. 69, 70 ; 2 Williams on Executors [ Am. Ed. ] 1407 ; *Stockman v. Railroad*, 15 Mo. App. 503, 570 ; *Estate of Farron*, 1 Ashmead's Rep. 319 ; *Ashton's Estate*, Wharton, 228 ; *Griffith v. Beecher*, 10 Barb. 432. It is an immemorial doctrine that where land is charged by the deceased with the payment of debts, it becomes trust property and is cognizable only in chancery. Bispham's Prin. of Eq., p. 473, sec. 532. Our probate courts have no chancery jurisdiction. *Church v. McElhinney*, 61 Mo. 540. Want of jurisdiction may be taken advantage of at any time. *Smith v. Ashby*, 20 Mo. 350 ; *Henderson v. Henderson*, 55 Mo. 534 ; *Abernathy v. Moore*, 83 Mo. 65 ; *Bray v. Marshall*, 66 Mo. 122 ; *Eager v. Stover*, 59 Mo. 87. The administrator of an estate can take as assets only the property which the deceased owned at the time of his death. Rev. Stat., secs. 69, 70 ; 2 Williams on Executors [ Am. Ed. ] 1407, 1432 ; *Clay v.* Willis, 1 B. & C. 364 ; *Barker v. May*, 9 B. & C. 489 ; s. c., 4 Mann. & R. 336. " An administrator derives all his powers from the statute, and it only authorizes him to sell lands of which his intestate was seized at his death, and he cannot under the orders of the probate court sell lands which had been conveyed by the deceased to defraud creditors." *Bebee v. Souter*, 7 Cent. Law Jour. 466 ; *George v. Williamson*, 26 Mo. 190. The evidence shows that the trustees accepted the trust, but had they declined this would neither have given the administrator authority nor have impaired the trust. No trust ever fails for the want of a trustee. An equity court would have enforced the provisions of the deed by appointing a new trustee to carry them out. Tiedeman on Real Prop., secs. 508, 510, and cases cited. The trust reposed in Heer and Doling by Crenshaw was an obligation imposed on them to apply the property conveyed according to the terms of the deed, and was based on

the grantor's personal confidence in them. It could not be executed by the administrator or any one else except those to whom the powers were given by Crenshaw, or their successors duly appointed by a chancery court. Willis on Trustees, 2; *Commissioners v. Walker*, 6 Howard, 143. The trustees were not entitled to commissions, much less the administrator. Hill on Trustees, 889. The section of the statute authorizing the commission has no application to money realized by selling land which had been conveyed by the deceased prior to his death. Rev. Stat., sec. 229.

McAFEE & MASSEY, for the respondent: An administrator is charged with all the property of the estate, no matter from what source derived. *Scudder v. Ames*, 89 Mo. 573; Schouler on Executors and Administrators, sec. 175. An administrator is entitled to, as a matter of law, "as compensation for his service and trouble, a commission of five per cent. on personal property and on money arising from real estate." Rev. Stat., sec. 229.

THOMPSON, J., delivered the opinion of the court.

This is a very peculiar proceeding. In October, 1884, L. A. D. Crenshaw and wife executed a deed of trust, by which Crenshaw (the wife releasing her dower) conveyed all his lands in Missouri and some lands in Alabama to Charles H. Heer and J. M. Doling, in trust, to be sold and the proceeds applied to the payment of his debts. They did not accept the trust, but the deed was duly recorded. In December of the same year Crenshaw made his will appointing Heer and Doling his executors. Soon thereafter he died, and in January, 1885, his will was admitted to probate in Greene county. Heer and Doling refused to qualify as his executors, and thereupon J. F. G. Bentley was appointed administrator with the will annexed. Bentley immediately qualified and entered upon the discharge of his duties as administrator, filing an inventory of the personal estate of the deceased and also of the real estate involved

in the controversy.   The personal estate proving insuffi-
cient to pay the demands allowed against the estate, the
administrator filed a petition for the sale of the real
estate embraced in his inventory.   After due publication
of notice, an order was made to the administrator by
the probate court to sell such real estate.   In pursuance
of this order, he sold several parcels of the real estate to
six different purchasers for the aggregate sum of
$27,778.70.   As administrator, he made his deeds to the
several purchasers.   But, in order to obviate the
possible defect of title growing out of the fact that the
deceased had conveyed in his lifetime the property in
trust to Heer and Doling,  they also made their separate
deed to the respective purchasers.   These deeds, which
are identical in their recitals, recite the making of the
deed of trust by Crenshaw in his lifetime ; the subse-
quent death of Crenshaw, leaving many of his debts
unpaid ; the due appointment of Bentley as his admin-
istrator ; that Bentley had been, by the probate court
of Greene county, "duly authorized to sell the real
estate of said L. A. D. Crenshaw, deceased, for the
purpose of paying the debts of said deceased ; " that
Bentley, as administrator, had sold the particular real
estate described in each deed to the particular grantee ;
that said sale had been by the probate court of Greene
county "duly approved," and that Bentley had made
and delivered a deed to the particular purchaser, convey-
ing to him all the right, title, and estate of Crenshaw in
and to the real estate purchased (describing it).   It then
proceeded in its granting clause as follows :   "Now,
therefore, know all men by these presents, that we,
Charles H. Heer, Sr., and James M. Doling, of the
county of Greene in the state of Missouri, have this day,
for and in consideration of the sum of one dollar to us
in hand paid, and for the further consideration of the
sum of ten thousand dollars, paid to the said J. F. G.
Bentley, as administrator of the estate of the said L. A.
D. Crenshaw, deceased, by (naming the particular
grantee) ; and by virtue of the powers and authority in
us vested by the said deed of L. A. D. Crenshaw,

deceased, of, in and to the following described real estate, situated in Greene county, Missouri, which we, as trustees as aforesaid, have the right to convey, viz. (describing the tract sold to the particular purchaser). In witness whereof," etc.; each deed being signed and sealed by the two trustees and duly acknowledged.

Bentley, as administrator, made a report of the sales, which were by the probate court duly approved, and he was thereupon charged with the sum of $27,778.70, which sum, together with other moneys coming into his hands as administrator, he paid out upon orders of the probate court, excepting his statutory commission of five per cent., for which he claimed, and was allowed, credit upon his final settlement, which took place in consequence of his resignation of the office of administrator. To this final settlement the plaintiff, who is the widow of the deceased, in her own right, and as guardian and curator of several of the minor children of the deceased, filed exceptions, on the ground that the administrator was not entitled to any commission. The probate court disallowed these exceptions and affirmed the final settlement, from which judgment the plaintiff appealed to the circuit court. The circuit court in like manner disallowed her exceptions and confirmed the final settlement, from which judgment the plaintiff appeals to this court.

At the trial, all of the above recited facts were either admitted or proved without controversy. The only controverted fact seems to have been whether Heer and Doling intended to decline the execution of the trust committed to them by the deed of Crenshaw, as well as the office of executors of his will. We do not regard it as a matter of any importance which way this question of fact may have been decided. Nor do we think it necessary to speak of the declarations of law given and refused by the circuit court, because we are clear that the circuit court rendered the only judgment which, under the law, could have been rendered upon the foregoing state of facts.

By section 229, of the Revised Statutes, executors and administrators are entitled, "as full compensation for their services and trouble, to a commission of five per cent. on personal property and on money arising from the sale of real estate." The sum of money already named, upon which the administrator in this case was allowed the commission of five per cent., was certainly a sum of money "arising from the sale of real estate" within the *letter* of this statute. The record conclusively shows that he rendered the "services" and was put to the "trouble" of making and reporting these sales and of disbursing the money which accrued therefrom. This trust which was devolved upon him, whether under a proper or an erroneous conception of the law, he has faithfully executed. He has performed the labor; he has incurred the responsibility; and why should he be deprived of the statutory compensation?

The reason set up for depriving him of it is one which we confess our inability to understand. It is, in substance, that this land never belonged to the estate of the deceased, because it had been conveyed by the deceased, prior to his death, to Heer and Doling in trust, to be sold and the proceeds distributed among his creditors; that Heer and Doling never renounced the trust; that if they had renounced the trust it would not affect the trust itself, because a court of equity will never allow a trust to fail for want of a trustee; that, as this land had been conveyed to them in trust, as trusts are peculiarly cognizable in equity, and as probate courts have no equity jurisdiction, the probate court of Greene county had no authority to order the administrator to sell this land; wherefore the sales made by him were void.

Suppose that all this is conceded, does it follow from this that the distributees of the estate have any standing, in relation to the funds which came into his hands from the sale of the lands, to object to his retention of the statutory commissions? If the sales were

void, he thereby acquired the money of the several purchasers without any consideration, and in equity and conscience it should be handed back to them, if possible, and not turned over to the distributees of the Crenshaw estate, to whom it does not belong. If the sales were void, the land has never been sold, and consequently the probate court has not, nor has the circuit court (whose jurisdiction is derivative through the probate court) any jurisdiction in respect of the purchase money, to direct to whom the administrator shall pay it or who shall have it; and yet the exceptors are necessarily invoking in their own behalf the exercise of such a jurisdiction. Again, the lands either belonged to the estate of Crenshaw when they were sold by the administrator, or they did not. If they belonged to the estate of Crenshaw, the administrator is entitled, under the statute, to his commissions. If they did not belong to the estate of Crenshaw, then these exceptors, whose only rights in the premises are in virtue of their being distributees of Crenshaw's estate,—who have no standing in court except in so far as they claim *through* Crenshaw's estate,—have no concern with what is done with the purchase money. If it concerns the trustees, they are not objecting; and if they were, they might be estopped by their voluntary act in executing deeds in confirmation of the deeds of the administrator. If it concerns creditors of Crenshaw, as the beneficiaries in the trust created by Crenshaw by the deed to Heer and Doling, neither are they before the court objecting; and if they were, it might be that they could not object, in such a state of facts as that disclosed by this record, where it appears that they get through the administrator what they would have got through the trustees; but we need not speculate as to what their rights would be.

The whole argument which is put forward in support of these exceptions seems to be self-contradictory and illusory. All the judges concurring, the judgment is affirmed.