HENRY ELSTROTH et al., Appellants, v. WILLIAM R. YOUNG, Administrator Estate of FRITZ DICK-MEYER, Respondent.

St. Louis Court of Appeals, April 9, 1901.

1. **Administrator's Commission: STATUTORY CONSTRUCTION: TAXES: EXPENSES OF ADMINISTRATION.** An administrator is entitled to take out his commission (section 222, Revised Stat-utes 1899), taxes paid by him, and expenses of administration, in-

Elstroth v. Dickmeyer.

cluding reasonable compensation for necessary legal assistance, whether in this matter or others arising out of his duties.

2. ———: ———: ———: HOMESTEAD. But he is not entitled to commission on homestead portion.

3. ———: ———: ———: CREDITORS. And the creditors must be postponed to the necessary burdens of administration.

4. ———: ———: DEMANDS, PAYMENT OF. And demands should be paid according to classification and priority, whether they are paid out of realty or personalty.

5. ———: ———: MINORS, ALLOWANCE TO. But the allowance to minors stands on a different footing. It can only be appropriated out of the personal assets and can not be made good from the proceeds of land sales when the personalty is deficient.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

## STATEMENT OF THE CASE.

This litigation has engaged the attention of the court twice before. 78 Mo. App. 561; 83 Mo. App. 253. Reference is made to those opinions for most of the facts. The appeal in the present instance is from an order sustaining respondent's motion for a new trial. The court assigned no reason for granting it. Appellants presented the last opinion and mandate and, the ages of the minor children being admitted, the present worth of their homestead right in the surplus cash arising from the sale of their father's land under a deed of trust executed in his lifetime was calculated. Respondent offered to prove that he had in his hands only $66.54 besides said surplus, that the minors were under sixteen years of age and no allowance had been made to them for their year's support, that he had paid taxes, probate and printing charges and costs of the former appeals and that if the surplus proceeds of

the land left, after deducting the children's homestead interest, was distributed among the creditors of the estate, there would be no funds to pay the costs of administration, the defense of this litigation and the allowance to the minors. He also offered to prove that he had paid an attorney's fee of $100 incurred in connection with his official duties. The court excluded the evidence as incompetent under the mandate of this court. Declarations of similar purport were refused. It is not altogether clear which of the above items have been paid out of the assets assessed by which they were reduced to $66.54. The present worth of the homestead right was found to be $816.16, which, being deducted from the surplus of the proceeds of the land, leaves $951.20 for distribution.

*Martin & Woolfolk* for appellant.

The only question presented by this appeal is, whether the circuit court was not required to follow the mandate of this court and do the two things therein directed: first, to ascertain the homestead interest of the minors, deduct it from the fund in defendant's hands, and, second, distribute the remainder of the $1,767.36 to Dickmeyer creditors. There was no other funds in the hands of the defendant sought to be distributed and over which this controversy has been waged for over three years except the $1,767.36 received from the sale of the land, and hence, there was no other funds to which the directions of this court could apply. The mandate of this court was: that said cause be remanded to the aforesaid circuit court of Lincoln county with instructions to ascertain and deduct from the funds in the hands of the defendant the present worth of the homestead interest of the minor children in $1,500 and the remainder be ordered distributed among the creditors of Dickmeyer. The circuit court in the judgment

followed the instructions of this court, found the present value of the homestead of the minors and then made distribution of the remainder to Dickmeyer creditors, but upon defendant's motion set this aside. Hence v. Railroad, 62 Mo. App. 60-63; State ex rel. v. Edwards, 144 Mo. 467; Rees v. McDaniel, 131 Mo. 681; Stevnip v. Hornback, 109 Mo. 272; Tourville v. Railroad, 148 Mo. 615-623.

*Norton & Avery* for respondent.

There is but one question in the case. Conceding that it is the duty of the lower court to follow the directions of the mandate of the superior court we will admit the principle contended for by appellant is correct; its application is erroneous. It is undoubtedly true that when a cause is remanded by an appellate tribunal, with special direction, the jurisdiction of the lower court is limited to the precise action which it is authorized by the mandate to take. The only question then is, what was the proper application of this mandate? No person for a moment would think that any court would so order distribution of an estate that the administrator, who is an officer of the court, would be compelled in the administration of that estate to lose not only his commission and other labor, but to lose, as in this case, some two hundred dollars that he had paid from his funds in the protection of the estate. The words of the mandate directed the lower court "to ascertain and deduct from the funds in the hands of the defendant the present value of the homestead interest of the children and that the remainder be ordered distributed among the creditors of Dickmeyer and the cost of appeal be taxed equally against the parties."

GOODE, J.—The mandate directing the surplus, less

the value of the homestead interest; to be distributed among the creditors, neither said nor meant that none of it could be used for anything else. There are some deductions which ought to be first made. The administrator is entitled to take out his commission (section 222, Revised Statutes 1899), taxes paid by him and expenses of administration, including reasonable compensation for necessary legal assistance whether in this matter or others arising out of his duties. He is not entitled to commission on the homestead portion. What the second appeal determined was, that the residuary surplus may be applied by this probate proceeding to the payment of the demands. But the creditors must be postponed to the necessary burdens of administration; that far this money is like the other assets. Dix v. Morris, 1 Mo. App. 93; Crenshaw v. Bentley, 31 Mo. App. 75; Gov. ex rel. v. Chouteau, 1 Mo. 731. The demands should be paid according to their classification and priority. This is true whether they are paid from the proceeds of personalty or realty. The distinction between legal and equitable assets and the doctrine of marshalling, is obsolete in this State. Titterington v. Hooker, 58 Mo. 593.

The allowance to the minors stands on a different footing. It can only be appropriated out of the personal assets and can not be made good from the proceeds of land sales when the personalty is deficient. Ritchey v. Withers, 72 Mo. 556; In re Motiers' Estate, 7 Mo. App. 514; Jewell v. Knettle, 39 Mo. App. 262; Paine v. Paulk, 39 Me. 18; Jelly v. Elliott, 1 Ind. 119; Thompson on Homesteads and Exemptions, sec. 970. The surplus went to the administrator by the terms of the deed of trust, but for which it would have gone, according to our law, to the heirs until subjected by a proper proceeding to the payment of debts. It retains the attributes of real estate in respect to being exempt from the statutory allowances. Cox v. McBurney, 2 Sand. 561; Allen v. Allen, 12

R. I. 301; Barnum v. Meserve, 8 Allen (Mass.), 158; Dunning v. Ocean Bank, 61 N. Y. 497; Shaw v. Loadley, 8 Blackf. 165; Jones on Mort., sec. 1931; 1 Woerner's Ad. Law, 595. The net surplus should be disposed of in the manner indicated.

Judgment affirmed. All concur.