HENRY ELSTROTH, Appellant, v. WM. R. YOUNG, Adm'r, Respondent.

**St. Louis Court of Appeals, April 29, 1902.**

1. **Costs:** WHEN CREDITORS OF AN ESTATE ARE LIABLE. Where creditors of an estate by proceedings do not recognize the homestead interests of minors in an estate, which is sold under a deed of trust, but deny that they have any interest in such homestead, and seek to impound the whole of the surplus arising from the sale, and fail, they are liable for the costs of the proceedings.

2. **Probate Court:** PROCEEDS OF SALE OF REAL ESTATE: EXPENSES OF ADMINISTRATION: STATUTORY CONSTRUCTION. The proceeds of the sale of lands made by an order of the probate court in pursuance of chapter 1, article 8, Revised Statutes 1899, can not be used for the purpose of making good deficiencies in the expenses of administration.

3. ———: ADMINISTRATOR: COMMISSION ON SALE OF REAL ESTATE. But the administrator is entitled to his commission of five per cent for distributing the proceeds of such sale to the creditors as on all other moneys of the estate collected and disbursed by him in payment of the debts of the estate.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*Martin & Woolfolk* for appellant.

Everything done, said or printed in this litigation by defendant shows beyond the question of doubt that the defense has never been in the interest of Dickmeyer's estate, but always adverse and opposed to it. At no stage of the litigation did the defendant represent Dickmeyer's estate only in name, but

from the beginning to the end claimed the fund in dispute as belonging to Dickmeyer's children against the estate. In his answer filed in the probate court he "denied that said $1,767.36 is now or ever has been in his custody as administrator of said Dickmeyer's estate and denies that said sum of $1,767.36 or any part thereof is assets of or belongs to said estate. That the said surplus of $1,767.36 is not assets of the estate of said Fritz Dickmeyer and should not be charged to him as administrator of said Dickmeyer's estate, but that said sum of $1,767.36 is the property of said Edward, Pauline, Frederick and Walter Dickmeyer, minor children and only heirs of said Fritz Dickmeyer, and that he is chargeable therewith as the guardian and curator of the persons and estate of said Edward, Pauline, Frederick and Walter Dickmeyer."

*R. H. Norton* and *O. H. Avery* for respondent.

The whole trouble in this case seems to be the determination of appellants' counsel that the administrator and the attorneys representing him in this litigation shall do their work without fee or charge, including the newspapers that lent their aid (for pay of course) in printing his briefs, and this contention of appellants' counsel seems to be founded upon what seems to us the very erroneous conclusion that no person is interested in the estate of a deceased person except those who happen to be creditors and that the only interests that the representative of a deceased person should guard in his proper and legal administration of the estate are those who have claims allowed against the estate. The counsel, it seems, can not realize for a moment that it is the duty of an administrator representing a deceased person not only to guard the interests of the creditors of the estate, but as the representative of the deceased it is his duty to guard and protect the interests of his heirs.

BLAND, P. J.—Fritz Dickmeyer died intestate in Lincoln county in the year eighteen hundred and ninety-six. No widow survived him, but he left four children all under the age of fourteen years. Deceased owned and resided upon, until his death, a homestead of one hundred and twenty acres in Lincoln county, which he had incumbered by a deed of trust for twenty-eight hundred dollars. His estate was ordered into the hands of William R. Young, public administrator, who took charge of it as such. His personal estate was of the value of one thousand and thirty-four dollars. Young was also appointed and qualified as guardian of Dickmeyer's children. The homestead of the minors in the real estate was set off by proceedings had in the probate court. Afterwards the trustee in the deed of trust foreclosed that instrument by selling the entire tract of one hundred and twenty acres, which brought over and above the debt, seventeen hundred and sixty-seven dollars and thirty-six cents, which surplus was paid over to Young. The appellants, as creditors of Dickmeyer's estate, appeared in the probate court and sought to charge Young, as administrator, with the whole of the surplus of seventeen hundred and sixty-seven dollars and thirty-six cents, claiming it to be an asset of the estate of Dickmeyer. To this application of the creditors, Young answered that he held this money as guardian of Dickmeyer's heirs; that it represented their homestead interest in the land and that it rightfully belonged to them; that the estate was not entitled to any part of it. The probate court found against Young, charged him, as administrator, with the whole of the fund and made an order requiring him to distribute it among the creditors of the estate. From this order of distribution Young appealed to the circuit court. From the circuit court the cause was thrice appealed to this court, resulting finally in a judgment of the circuit court finding that eight hundred and sixteen dollars and sixteen cents rightfully belonged to

Vol 94 app—23

the heirs and represented their homestead interest in the land
and that the balance should be charged to Young as admin-
istrator of Dickmeyer's estate and distributed among the
creditors, after deducting the following items of cost:

| | |
|---|---:|
| Taxes ..................... ...... .... ..$ | 28.19 |
| Probate fees ....................... | 29.55 |
| R. L. Sutton, adm'r *ad litem*............ | 5.00 |
| *Troy Free Press* advertising land sale.... | 1.25 |
| *Troy Free Press* printing briefs.......... | 7.50 |
| *Lincoln County News* printing briefs.... | 19.50 |
| Norton and Avery, attorneys' fee........ | 100.00 |
| Five per cent commission on $968 paid out by the administrator on a former settlement in the probate court and five per cent on $951 that portion of proceeds of land sale under deed of trust charged to the administrator aggregating .... .... .. | 95.95 |
| Costs in the proceedings in the circuit court. | 60.00 |
| Costs to accrue in probate court for making final settlement ........ ........,.... .. | 10.00 |

which amounts the court reserved from distribution, leaving
a balance of six hundred and four dollars and twenty-six
cents of the estate's share of seventeen hundred and sixty-
seven dollars and thirty-six cents surplus from the sale under
the deed of trust.    This balance the court ordered to be dis-
tributed to the creditors of the estate by name and the amount
due to each on distribution.

Appellant objected and excepted to the order of distri-
bution and after an unsuccessful motion for a new trial,
appealed.

The contention is over the taxation of the costs which
accrued in the proceedings of the creditors (appellants)
against Young, administrator, to compel him to inventory
and account for the surplus fund of seventeen hundred and

seventy-six dollars and thirty-six cents as an asset of the estate.

That portion of the surplus which was set off to the minor children, although in money, represents realty and their homestead interest in that realty. The appellants by their proceedings did not recognize the homestead interest of the minors, but denied that they had any such right and sought to impound the whole of the surplus from the sale of the realty as assets of the estate. In this they failed and being the losing party the estate which they represented should be charged with the costs. This proceeding is not like an ordinary one in which the creditors ask that an administrator inventory and distribute the personal assets of the estate which he had neglected or refused to account for. There is no dispute as to the amount of the fund in Young's hands nor of the source from which it was derived. The contention was as to which it belonged, the estate or the minor heirs. The creditors, in claiming the whole of the fund, denied the right of the heirs to any portion of it, denied their homestead right. The contest was, therefore, in respect to the existence of this right and the losing party in this contest as in any other should be taxed with the costs of the proceedings.

Appellants contend that the court erred in allowing commission to respondent on previous distribution. The court found what the administrator had paid out of the assets and what yet remained in his hands to be paid out and allowed the statutory commission of five per cent on these sums.

It is further contended by appellant that the allowance of five per cent commission on nine hundred and sixty-eight dollars, paid out on a former settlement in the probate court, is erroneous for the reason that that money was derived from the sale of lands and can not be used for any purpose but for the payment of debts. The proceeds of the sale of lands made by an order of the probate court in pursuance of the provisions of chapter I, article 8, Revised Statutes 1899, can

not be used for the purpose of making good deficiencies in the expenses of administration. Ritchey v. Withers, 72 Mo. 556. But the administrator is entitled to his commission of five per cent for distributing the proceeds of such sales to the creditors as on all other moneys of the estate collected and disbursed by him in payment of the debts of the estate.

The judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.