**HARRELSON et al. v. CROOKS, Collector of Internal Revenue.**

District Court, W. D. Missouri, N. D. September 13, 1928.

No. 6918.

Massey Holmes, of Kansas City, Mo., and Frank S. Bright and Lowndes C. Connally, both of Washington, D. C., for plaintiff.

A. W. Gregg, General Counsel, Bureau of Internal Revenue, and Wm. T. Sabine, Jr., Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., and Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., for defendant.

OTIS, District Judge. Plaintiffs sue to recover from the defendant the sum of $37,762.20, with interest, alleged to have been unlawfully collected as a tax out of an estate inherited by them. The total value of the estate is alleged in the petition to have been $2,137,204.22, which included both real and personal property. The value of the real estate included was $269,730, and the amount involved in this suit was that part of the tax collected which was based upon the value of the real estate. Defendant has demurred to the petition on the ground that it states no cause of action.

The statute which fixes the basis for the assessment of the estate tax, being the Revenue Act of 1918 (40 Stat. 1057–1097), is:

"Section 402. That the value of the gross

estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate. * * *"

It will be noted that property may not be included in the value of the gross estate of a decedent, unless after his death *three* facts exist with reference to it. Of these one is that the property is subject to the expenses of the administration of the estate. If all three facts are not present, including this one, then the property may not be included in calculating the value of the estate to be taxed. United States v. Field, 255 U. S. 257, 262, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461.

The theory of the case is that real estate in Missouri is not subject to expenses of administration, and that, therefore, the real estate here should not have been included in determining the amount of tax due. The defendant disputes this theory. The only question for consideration, then, is whether in Missouri real estate is subject to expenses of administration, and that question is to be determined by the state law.

The question must be resolved in plaintiffs' favor. Repeated decisions of Missouri appellate courts announce the law of this state to be that real estate is not subject to administration expenses. Among other cases are the following: In re Motier's Estate, 7 Mo. App. 514; Ritchey v. Withers, 72 Mo. 556; Elstroth v. Young, 94 Mo. App. 351, 68 S. W. 100; State v. Doud, 216 Mo. App. 480, 269 S. W. loc. cit. 924. I have found no decision by a Missouri court, with one exception, which holds to the contrary. The exception is Elstroth v. Young, 88 Mo. App. 418, decided by the St. Louis Court of Appeals April 9, 1901. But that decision, to the extent that it announced a doctrine contrary to the one generally stated, was repudiated by the same court in a later consideration of the same case. Elstroth v. Young, 94 Mo. App. 351, 68 S. W. 100.

The defendant cites Howell v. Jump, 140 Mo. 441, 41 S. W. 976. In the Howell Case, under an order directing the sale of real property to pay debts of the estate in accordance with what is now section 141, Revised Statutes of Missouri 1919, real estate was sold and a portion of the proceeds was applied to the payment of administration expenses. The validity of the sale was upheld because the order upon which the sale had been made was a lawful order. It was held that the fact that a part of the proceeds was improperly diverted to the payment of administration expenses did not invalidate the sale. The language of the court was as follows:

"The fact that the land only sold at the administrator's sale for enough to pay the costs of the administration does not defeat this sale. It is true, a sale of land by an administrator can only be made for the payment of the debts of deceased. A sale made merely for the purpose of paying the costs of administration has been held to be invalid. Farrar v. Dean, 24 Mo. 16. But in this sale there were debts remaining unpaid and the sale was made for the purpose of paying them. The court, therefore, had jurisdiction to order the sale and the purchaser was not bound to bid an amount which would pay the debts or *to see that the money paid was properly applied.*" (Emphasis mine.)

Clearly this case not only does not conflict with, but supports plaintiffs' theory. Defendant cites the case of Steedman v. United States, a decision by the Court of Claims involving the same question as that involved here. I have read the opinion in that case carefully. I think it is not well reasoned, and that its conclusion is erroneous.

The demurrer is overruled.