

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 4, 1960

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. WW-763

Re: Whether or not Senate
Bill 178, 56th Legis-
lature, Regular Session,
requires that the Com-
missioners' Court of
Dallas County provide
for an annual audit of
the Independent School
District of the City of
Dallas.

Dear Mr. Wade:

We quote as follows from your recent letter:

"The question involved with Mr. Lynn in this
opinion is whether the independent school district
of the City of Dallas should be included in the
county audit. Mr. Lynn, the County Auditor, is not
fully satisfied from a legal standpoint whether the
independent school district of the City of Dallas
should be included in the audit. Owing to the fact
that the city schools in Dallas operate independently
of the Commissioners Court and the County of Dallas
officially we are not inclined to believe that the
district should be included in the county audit. How-
ever, the Auditor desires an opinion from your office
on the subject involved in House Bill 178 of the 56th
Legislature applicable to annual county audits."

Section 1 of Senate Bill 178, Acts of the 56th
Legislature, Regular Session, (Article 1641-d, Vernon's Civil
Statutes) provides as follows:

"In every county in the State of Texas having
a population of 350,000 inhabitants or more, accord-
ing to the last preceding Federal Census, an annual
independent audit shall be made of all books, records,
and accounts of the district, county and precinct of-
ficers, agents or employees, including regular auditors
of the counties and all governmental units of the county
hospitals, farms and other institutions of the county,
and all matters pertaining to the fiscal affairs of the
county."

Section 35 of Article III of the Texas Constitution provides:

"No bill, . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed." (Emphasis ours).

The title of Senate Bill 178 reads in part as follows:

"An Act providing that in all counties having a population of 350,000 inhabitants or more according to the last preceding Federal Census, an annual audit shall be made of all county books, records, and accounts of district, county and precinct officials, agents, or employees including all governmental units of the county, hospitals, farms, and other institutions of the county and all matters pertaining to the fiscal affairs of the county; . . ." (Emphasis ours).

The word "county", as used in the caption, must be treated as referring to "county government". It is a well known rule of statutory construction that the meaning of a word is to be ascertained by reference to the words associated with it. 39 Tex.Jur. 204, Statutes, Sec. 109. The word "county" is used repeatedly and consistently in the act in such a way as to mean the political unit of government rather than the geographical area. If otherwise construed the act would require an audit of every institution, public and private, in the county area. A construction that will make a statute ridiculous or absurd will never be adopted if the language is susceptible of any other meaning. 39 Tex.Jur. 222, Statutes, Sec. 118.

Thus, to the extent that Section 1 of the act relates to "books, records and accounts of the district, county and precinct officers, agents or employees" that are not county books, records and accounts, that is, books, records and accounts of the county government, it, in our opinion, embraces a subject not expressed in the title of the bill, and would therefore, be invalid to such extent by reason of contravening Section 35, Article III of the Texas Constitution. Even if any other language of the act could be construed as making the audit requirement applicable to independent school districts, such requirement would relate only to county books, records and accounts, if any, of such district due to the caption.

It seems clear to us, however, that the Legislature actually intended for the act to apply only to county government and the various units, institutions and agencies thereof. Aside from the aforesaid effect of the word "county" in the caption in describing the kind of records to which the act applies, the presence of the word in the caption reveals a significant clue to the real intention of the Legislature in enacting the statute.

The reference in Section 1 to "district" officers, agents or employees is in no way inconsistent with this construction inasmuch as certain officers of county government are nominally styled district officers, for example, the District Clerk.

The validity of this construction is confirmed by the language of Section 1 wherein all of the persons and activities expressly enumerated as being included are described as being "of the county".

Further, Sections 3 and 4 of the act are persuasive in this respect since they provide for the employment of the auditor by the County Commissioners' Court and further provide for the auditor to be paid out of the general fund of the county. It is unlikely that the Legislature would give the duty of employing the auditor to the Commissioners' Court if the audit were intended to be directed at other units of government. Moreover, it is especially doubtful that the Legislature would require the expenditure of county funds for the audit of some other unit of government which has its own tax moneys, and which would receive the benefit of such audit.

Therefore, your inquiry resolves itself into a question of whether the books, records, and accounts of an officer, agent or employee of an independent school district are books, records, and accounts of the county government.

Article 1641, Vernon's Civil Statutes, Acts of 1923, providing for appointment of a special auditor by the Commissioners' Court, contains language which in all material respects is identical to that of Section 1 of the subject act. That statute has never been construed by this Department or by any Court as warranting the appointment of a special auditor by the Commissioners' Court to audit the books of an independent school district.

Article 1467, Revised Civil Statutes, Acts of 1905, (codified now in Vernon's Civil Statutes as Article 1651), provides:

"The auditor shall have a general oversight
of all the books and records of all the officers
of the county, district or State, who may be
authorized or required by law to receive or col-
lect any money, funds, fees or other property for
the use of, or belonging to, the county; . . ."

It has been held that this statute gives the County
Auditor no supervision over the funds of a common school dis-
trict of the county.  Houston National Exchange Bank v. School
District No. 25, Harris County, 185 S.W. 589 (Civ.App. 1916).
The Court based its decision on the reasoning that the funds of
a school district are not "funds for the use of or belonging to
the county".  With even greater force the reasoning of that
opinion applies to independent school districts since, under
the laws of this State, the county has less to do with inde-
pendent school districts than common school districts.

The County Superintendent has certain limited duties
with regard to independent school districts, but it has been
held that though, in a sense he is a county officer and called
a "County Superintendent", he is in fact the officer and agent
of the State and not of the county with respect to school matters.
Webb County v. Board of School Trustees of Laredo, 95 Tex. 131,
65 S.W. 878 (1901); 37-B Tex.Jur. 230, Schools, Sec. 77.

Trustees of independent school districts have been held
to be county officers only to the extent of coming within the
purview of the statutes providing for the removal of county of-
ficers and the contest of elections for a county office.  37-B
Tex.Jur. 235, Schools, Sec. 83.

The fact is that independent school districts are
legal entities which are bodies corporate and politic separate
and apart from county government.  Wester v. Oge, 68 S.W. 1005
(Civ.App. 1902, error ref.); Royce Independent School District
v. Reinhardt, 159 S.W. 1010 (Civ.App. 1913, error ref.).  As
stated in Texas Jurisprudence:

"An independent school district is managed
and controlled by a board of trustees, or city
or town council, independent of the county. . ."
37-B Tex.Jur. 137, Schools, Sec. 17.  (Emphasis
ours).

In view of the foregoing, it is our opinion that the
books, records and accounts of an independent school district

Honorable Henry Wade, page 5 (WW-763  )


are not books, records and accounts of the county government. You are accordingly advised that the Dallas Independent School District should not be included in the audit provided for by Senate Bill 178, Acts of the 56th Legislature, Regular Session.

## S U M M A R Y

Senate Bill 178, Acts of the 56th Legislature, Regular Session (Article 1641-d, Vernon's Civil Statutes) does not require the Commissioners' Court of Dallas County to provide an annual audit of the Dallas Independent School District.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB:mg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Lawrence Hargrove
James R. Irion, III
B. H. Timmins, Jr.
John Wildenthal, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore