Patton *v.* Taylor.

Opinion delivered May 24, 1920.

1.  EQUITY—JURISDICTION TO CANCEL DEED.—Equity has jurisdiction to cancel a void deed given by a curator of an insane person, expunge it from the record and restore possession of the land, since the remedy at law, either by motion to vacate the orders and judgments of the probate court or by *certiorari* to quash same, would not have reached the cancellation of the deed or the expunging of same from the record.

2. INSANE PERSONS—INQUIRY AS TO SANITY OF LITIGANT.—When a party not under guardianship develops evidences of insanity, the court should inquire into his mental condition for purposes of the particular suit in order to protect his interests by the appointment of a guardian or next friend to prosecute or defend for him.

3. INSANE PERSONS—POWER TO SUE AND BE SUED.—An insane person not under guardianship may sue and be sued the same as a sane person.

4. APPEAL AND ERROR — OBJECTION NOT RAISED BELOW.—Where no question as to plaintiff's sanity was raised in the trial court, her suit will not be dismissed on appeal upon the ground of her insanity.

5. INSANE PERSONS — JURISDICTION TO SELL PROPERTY OF NONRESIDENT INSANE.—Under Acts 1905, p. 198, limiting jurisdiction of the probate court over the property of nonresident insane persons to authority to order the duly appointed guardian, or his agent under power of attorney, in the State of his residence, to sell such property and receive the proceeds therefor upon the execution of a proper bond, there is no authority to appoint a local guardian to sell property of nonresident insane persons.

6. IMPROVEMENTS—BETTERMENT ACT.—One who purchased land at a void probate sale may be entitled to recover for improvements made under color of such title, to the extent that they enhance the value of the lands.

7. IMPROVEMENTS—TEST OF GOOD FAITH.—To entitle an occupant of land under color of title to remuneration for his improvement under the betterment statute, and to a lien therefor, the test of good faith is, did he make them in the honest belief that he was the true proprietor and in ignorance that any other person claimed a better right to the land?

8. IMPROVEMENTS—ENHANCED VALUE OF LAND.—In determining the value of improvements under the betterment statute, the evidence should be directed to the enhanced value of the land by reason of the improvements; their cost being a mere circumstance tending to establish such enhanced value.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; reversed in part.

*Rice & Rice,* for appellants.

1. The chancery court had no jurisdiction, as appellee had a complete and adequate remedy at law. 93 Ark. 269; 81 *Id.* 51; 48 *Id.* 514; *Ib.* 332-3; 63 *Id.* 323.

2. No notice of the appointment of a curator is required. 82 Ark. 331; 93 *Id.* 104; 97 Ill. 338; 37 Am. Rep. 111; 96 N. Y. 525; 51 Wis. 587; 21 Cyc. 29; 154 Mass. 378; 38 Mich. 210; 81 Minn. 370; 63 N. H. 614; 52 Minn. 140. Notice to the mother, who was curator, was sufficient.

3. The suit should have been brought by the next friend. 93 Ark. 269.

4. This was a collateral attack on the judgment of court of competent jurisdiction. 44 Ark. 267. The land brought all it was worth and the cash was all paid over.

5. The purchase was made in good faith by Patton, and he made improvements, believing himself to be the owner, and he was entitled to betterments, taxes paid and improvements. 86 Ark. 368; 92 *Id.* 173; 47 *Id.* 528; 102 *Id.* 191; 53 *Id.* 545; 46 *Id.* 109; 96 *Id.* 109; 45 *Id.* 410.

HUMPHREYS, J. Appellee instituted suit against appellants in the Benton Chancery Court to cancel a deed from M. C. Patton, as curator, to J. W. Patton, of date September 9, 1916, conveying the following described real estate in Benton County, Arkansas, towit: northeast quarter northwest quarter section 21, and south half southeast quarter southwest quarter section 16, all in township 20 north, range 32 west, to expunge the record thereof and to cancel the orders and judgments of the Benton County Probate Court ordering and confirming the sale of said land. On the 14th day of August, 1916, appellant M. C. Patton, mother of appellee, applied to the Benton County Probate Court for appointment as guardian of appellee's estate, consisting of the lands aforesaid, without notice to and the presence of appellee before the court. Application for said appointment was made under section 1, act 77, Acts of the General Assembly of 1905. Letters of guardianship were immediately issued, and, on the same day, appellant M. C. Patton applied for an order of sale of said land under section 2 of said act and procured it without giving thirty days' notice in a newspaper published in said

county, as provided in said section. Pursuant to said order, the land was sold at public sale, after twenty days' notice in a newspaper of general circulation in said county, to J. W. Patton, the highest bidder at said sale, for $1,000, the full value of the land, according to the evidence. The sale was reported to, and confirmed by, the court. A deed was ordered executed, approved and delivered to the purchaser, J. W. Patton, who took possession of the land and began to make improvements thereon after the sale and completed them after procuring and recording his deed. The improvements consisted of clearing, digging a well, building a house and barn, etc. At the time and prior to the appointment of M. C. Patton as guardian for appellee aforesaid, appellee had been a resident of Oklahoma for eight or nine years and was adjudicated insane and confined in the asylum at Vinita in said State on the first day of July, 1916, where she remained until June, 1917, at which time she was discharged, as recovered. The chancery court canceled the deed, orders and proceedings of the probate court in relation to the sale of the lands, decreed possession thereof to appellee, denied appellant J. W. Patton a lien on the land for his improvements, but permitted him to remove them, in so far as it was possible without injury to the land. From that judgment and decree, an appeal has been duly prosecuted to this court.

Appellants contend that the chancery court had no jurisdiction to try the cause, because appellee had a complete and adequate remedy at law, either by motion to vacate the orders and judgments of the probate court or by certiorari to quash them. The gist of the action was to cancel the deed, expunge same from the record and regain possession of the land. The remedy at law either by motion to vacate the judgment or by certiorari would not have reached the cancellation of the deed or the expunging of same from the record, and, therefore, would not have been adequate and complete.

It is next insisted that the court should have dismissed the cause, because not brought by guardian or

next friend. This suit was filed on August 1, 1919, after appellee had been discharged from the Vinita asylum, as recovered. The certificate of the medical superintendent of that institution is as follows: ''I hereby certify that Amanda E. Taylor was received in this institution on the first day of July, 1916, from Ottawa County and discharged June, 1917, as recovered.'' The evidence tended to show appellee was afflicted with periodical insanity, having lucid intervals. It is proper, when a party, not under guardianship, develops evidences of insanity, for the court to inquire into his mental condition for purposes of the particular suit, in order to protect his interests by the appointment of a guardian or next friend to prosecute or defend for him. *Peters* v. *Townsend,* 93 Ark. 103. Such inquiry might be appropriate to protect a sane defendant against the unauthorized suit of an insane person, but no such inquiry was suggested or demanded by appellants, and none was made on the court's own motion. An insane person, not under guardianship, can sue and be sued the same as a sane person. *Peters* v. *Townsend, supra.* Not having initiated such inquiry in the court below, appellants can not now insist that the suit should have been dismissed on account of the insanity of appellee, the plaintiff below.

It is next insisted that the probate court had jurisdiction of the subject-matter of litigation and that the proceedings therein are not subject to attack. The probate court of Benton County had no jurisdiction over the person or property of appellee and could acquire none by the appointment of a local guardian. Sections 1 and 2, act 77, Acts 1905, do not authorize the appointment of a guardian for a nonresident insane person nor the sale of such an one's property in this State by local guardian. Those sections only apply to insane citizens of this State confined in institutions or asylums for insane, either in or out of the State. Section 3 of said act governs with reference to the sale of the property of nonresidents who are insane. That section limits the jurisdiction of the probate courts of this State over the

property of nonresidents who àre insane to authority to order the duly appointed guardian, or his agent under power of attorney, in the State of his residence, to sell said property and receive the proceeds therefor upon the execution of proper bond. The proceedings, therefore, of the probate court of Benton County, in appointing a local guardian to sell the real estate in question, were without authority and void.

Lastly, it is insisted that the court erred in denying appellant J. W. Patton remuneration for his improvements to the extent that they enhanced the value of the real estate. The mere fact that he purchased the land under void judicial proceedings can not preclude him from the benefits of the betterment statute. Occupants of land under color of title, who make improvements thereon in good faith, believing themselves to be the owners thereof, are protected under that statute to the extent of the enhanced value of the lands by reason of their improvements. To entitle an occupant to remuneration for his improvements, the test of good faith is: Did he make them in the honest belief that he was the true proprietor and in ignorance that any other person claimed a better right to the land? *Beard* v. *Dansby,* 48 Ark. 183. Applying that test in this case, we think appellant J. W. Patton was entitled to a lien on the land for its enhanced value by reason of the improvements made by him. Practically all the improvements were after he obtained a deed to the land. All the parties connected with the transaction thought the proceedings to sell the land were legal. There is nothing from which collusion in the sale and purchase thereof can reasonably be inferred. The property sold for its full value. J. W. Patton was a young farmer, inexperienced in titles. The evidence with reference to the value of the improvements consisted largely of the cost thereof. It should have been directed to the enhanced value of the land by reason of the improvements. The cost thereof would only be a circumstance tending to establish the enhanced value of the property on account of the improvements.

For the error indicated, the decree is reversed, in so far as it denied appellant J. W. Patton a lien on the land for the enhanced value thereof because of the improvements he made thereon, and the cause remanded with directions to proceed in accordance with this opinion. In all other respects, the decree is affirmed.