Graham, Judge,
delivered the opinion of the court:
This case involves a claim for refund of estate taxes voluntarily paid, upon the ground that there was erroneously included in decedent’s tax return as a part of her gross estate, certain real estate located in the State of Missouri owned by her at the time of her death, for the alleged reason that under the statute of that State real estate could not be sold for the payment of expenses of administration and should, therefore, have been excluded from the gross estate under the terms of the taxing statute. Thus in effect plaintiffs are claiming an exemption by reason of the alleged failure of the State to pass a statute, and attempting to make the enforcement and effectiveness of the taxing act contingent and dependent upon the passage by the different States of statutes making real estate subject to sale for payment of administration expenses.
*231 The question involved is whether the value of this real estate should have been included in the gross estate of the decedent under the provisions of section 402 (a) of the revenue act of 1921, 42 Stat. 227, chap. 136, as follows:
“ That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
“ (a) To the extent of the interest therein of the decedent at the time of his death, which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate; * *
The mother of the petitioners, Kate M. Howard, died on the 23d of February, 1923. She owned at the time of her death certain real estate which she devised to the petitioners, one-half to each, by her last will and testament. Her executors, in making a return for Federal estate tax purposes, included the value of this real estate in her gross estate, and paid the taxes assessed. They thereafter filed a claim for refund upon the ground that said real estate should not have been included in the gross estate. The Commissioner of Internal Eevenue rejected the claim and thereupon this action was brought for the same reasons as those urged before the commissioner.
The Supreme Court in construing the above-quoted section of the act of 1921, in the case of United States v. Field, 255 U. S. 257, 262, held that the provisions of paragraph (a) of section 402 must be taken conjunctively. The court said:
“These conditions are expressed conjunctively; and it would be inadmissible, in construing a taxing act, to read them as if prescribed disjunctively. Hence, unless the appointed interests [the property involved in this particular case] fulfilled all three conditions, it was not taxable under this clause.”
It will be seen that section 402 provides, first, that the value of the gross estate shall include “ all property ” of the decedent at the time of death, wherever situated; second, “ to the extent of the interest” therein of the decedent at the time of death; and third, said interest is such interest as after *232 the decedent’s death is “ subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.”
The decision of the Supreme Court in the Field case, it is urged, requires that in order to subject to taxation an interest in real estate of which a decedent dies the owner, it must be “ subject to ” all three of the conditions named.
The plaintiffs’ contention is that under the statutes and rulings of the courts of Missouri the real estate of a decedent is not “ subject to ” the payment of “ expenses of its administration,” conceding that it is subject to the other conditions. The statutes of Missouri allow the sale of real property for the payment of debts and legacies, and section 149 of the Missouri Code provides:
“ The proceeds of the sale of such real estate shall be first applied to the payment of such judgments and attachments according to their priority of lien, and the residue of such proceeds, if any, shall become assets in the hands of the executor or administrator to be administered according to law.”
Section 402, supra, does not use the word “ liable ”; it uses the words “subject to.” “Subject to” does not necessarily mean “ liable for.” It may be said that where land is liable for sale for the payment of debts, it is subject to the payment of debts, but the converse is not necessarily true. Eeal estate may be under certain conditions “ subject to ” the payment of expenses of administration and yet not liable to sale therefor; that is, it may be under the contingency of or exposed to payment of administrative expenses and thus “ subject to ” the payment.
Eeal estate may be sold under the Missouri statute for the payment of debts, and, having been sold, because the personal estate was not sufficient to pay the debts and the administration expenses, the latter could be paid, under the decision of the court of Missouri, out of the fund realized from the sale. Howell v. Jump, 140 Mo. 441. If the proceeds from the sale of real estate for payment of debts may be used under certain contingencies for the payment of administration expenses, it is in such a case “subject to” the payment of the expenses of administration.
*233 The expression “expenses of administration” covers the whole field of administrative charges. It is difficult to see how real estate could be sold and the proceeds not be held liable for the expenses incident to the sale, which, in the case of a sale by an administrator under order of court, are part of the expenses of administration.
The plain purpose of Congress as disclosed by the first part of section 402 was to subject to taxation “all of the estate ” of a decedent to the full extent of his interest therein at the time of his death, whether real or personal, tangible or intangible, and wherever situated.
What the qualification, “ which is subject to,” was expected to exclude it is difficult to see. It is not reasonable to hold that Congress intended or had in mind the possibility of the exclusion from taxation of all real estate of a decedent where a statute of the State in which it was located did not specifically grant the right to sell it for the payment of the expenses of administration, or where a court of such State had held that under the existing statute it could not be subjected to sale for such purpose; that is to say, it is unreasonable to hold that Congress intended to exempt from taxation the real estate of a decedent in any of the States where the statute of the State did not specifically authorize the sale of it for the payment of expenses of administration. If each of the States had no such statute, all real estate would be exempt, and if in one State there was such a statute, the real estate would be taxable, and in another, where there was none, it would not be taxable, thus creating an inequality in taxation and a discrimination in favor of the States that have not passed such a statute.
The case of United States v. Field, supra, under the facts, we do not think controlling here.
It is presumed that Congress knew that under the common law real estate could not be sold by a probate court for the payment of debts or administration expenses. To hold that it intended to exclude from taxation all real estate or interest therein which was not subject to the payment of charges against the estate or expenses of administration and subject to distribution, unless specially allowed and jurisdiction given to the courts by State statutes, would be to hold that *234 Congress included all real estate as subject to taxation and then provided for the possibility of all of it being excluded and exempted.
It is an established rule of construction that an act must be read as a whole with a view to ascertaining the real purpose of Congress, with the assumption of a reasonable and intelligent purpose on its part, and that no construction should be given to an act or a limitation thereof which would do violence to the general purpose of the act and render it futile or absurd. It is the duty of the court to so construe an act as to accomplish its general purpose and to enforce it in conformity with that purpose and within the reason of the act.
We are of opinion that the real estate of the decedent was properly assessed as part of her gross estate by the Commissioner of Internal Revenue under section 402 of the revenue act of 1921, and that plaintiffs are not entitled to the refund which was refused by the commissioner.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.