Moss, Judge,
delivered the opinion of the court:
On January 14, 1920, the New York Life Insurance Company issued three policies of insurance on the life of Henry A. Guettel, who died testate in August, 1921, each of said policies payable to the estate of decedent. On March 25, 1920, said decedent assigned one of said policies to his wife,, and there was paid to her upon the death of the insured the proceeds of same, $100,815. In determining the amount of the estate tax due from decedent’s estate the commissioner included in the gross estate the proceeds of the three policies, less the deduction provided for in section 402, subsection (f) of the revenue act of 1918, 40 Stat. 1096, the pertinent provisions of which read as follows :
“ That the value of the gross -estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *.
“(f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.”
Plaintiffs’ chief contention is that the statute fixing the-measure of the tax, in so far as it includes the proceeds of the insurance policies, is unconstitutional. That question was involved in the case of the Chase National Bank of the City of New York v. United States, decided January 2, 1929, *617 after the preparation of the briefs in the instant case. That case went to the Supreme Court of the United States on certified questions of law concerning which instructions were requested for the proper disposition of the case. The facts as certified, and as briefly set out in the opinion, are as follows:
“ On September 13, 1922, after the effective date of the revenue act of 1921, Herbert W. Brown procured three insurance policies on his life aggregating $200,000, each naming his wife as beneficiary. . Each policy reserved to the insured the right to change the beneficiary. All premiums on the policies were paid by the insured. On April 10,1924, he died testate, leaving the plaintiff below his executor and an estate subject to the estate tax imposed by the revenue act of 1921, c. 136, 42 Stat. 227. The tax as assessed by the commissioner included $9,146.76 imposed by reason of the inclusion in the. estate of the proceeds, of the three insurance policies, less $40,000 exemption authorized by the statute. The executor paid the tax and upon denial of a claim for refund brought the present suit in the Court of Claims to recover the tax as illegally assessed.”
The questions certified were stated as follows:
“ Question I: Whether the tax imposed by the final clause of section 402 (f), revenue act of 1921, 42 Stat. 278, on life insurance policies payable in terms to beneficiaries ‘ other than the decedent or his estate ’ is a direct tax on property and void because not apportioned.
“ Question II: Whether the $9,146.76 tax imposed bears such an unreasonable relation to the subject matter of the tax as to render it void.”
Both questions were answered in the negative.
Defendant contends that the decision in the Chase National Bank case, 278 U. S. 327, is controlling as to each of the three policies involved herein. We are in agreement with the defendant’s contention as to the two policies payable' to the estate of Henry A. Guettel,'and hold that the value of said two policies was properly included in the decedent’s gross estate under the authority of that case. We must, however, disagree with defendant’s contention as to the policy payable to decedent’s estate and thereafter assigned by plaintiff to his wife. ' It was an absolute and *618 unconditional assignment of the policy “ for value received,” and the insurance company paid to the assignee at the death of the insured the full proceeds of the policy, $100,815. By this assignment the insured was divested of all right and title to the policy, and all beneficial interest therein passed to the assignee. After the assignment the insured was without authority to change the beneficiary or to exercise any control whatever over said policy during the existence of the assignment. See 37 Corpus Juris (sec. 146), 2 p. 435, and cases cited thereunder.
The language, “ all other beneficiaries,” used in the statute, can not be fairly construed as applying to the assignee of a policy payable to a designated beneficiary. Such a construction would be an unwarranted extension of the meaning of the statute here involved. Taxing statutes may not be extended by implication beyond the clear import of the language used. Gould v. Gould, 245 U. S. 151, United States v. Merriam, 263 U. S. 179.
We have reached the conclusion that the policy assigned to decedent’s wife was improperly included in decedent’s gross estate. Plaintiff is entitled to judgment as provided in the conclusion of law herein.
SiNNott, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.