## GUETTEL et al. v. UNITED STATES. *
### No. 11013.

Circuit Court of Appeals, Eighth Circuit.
March 17, 1938.

M. L. Friedman, of Kansas City, Mo. (Richard P. Brous, of Kansas City, Mo., on the brief), for appellants.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and Maurice M. Milligan, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for the United States.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

*Rehearing denied April 11, 1938.

SANBORN, Circuit Judge.

The appellants, the sole residuary legatees under the will of Henry A. Guettel, brought this action at law to recover from the United States an overpayment of estate tax, which overpayment resulted from including in the gross estate the value of the Missouri real estate owned by the decedent. The sole defense of the government was that of res judicata. The case was tried to the court upon a stipulation of facts. From a judgment in favor of the government, this appeal was taken.

Henry A. Guettel died testate August 19, 1921. His executors filed an estate tax return, under the Revenue Act of 1918, on August 16, 1922. There was included in gross estate the value of certain insurance policies and the value of Missouri real estate owned by the decedent. The return showed a total tax liability of $40,794.52, which was paid. On February 10, 1926, after an audit and review, the Commissioner of Internal Revenue finally determined the tax liability of the estate to be $50,481.87. The executors paid the deficiency, as determined by the Commissioner, on February 26, 1926. On March 18, 1926, they filed a claim for refund of so much of the tax as was attributable to the inclusion of the value of insurance policies in gross estate. This claim was rejected by the Commissioner on October 11, 1926. On May 20, 1927, the appellants brought suit against the government in the Court of Claims to recover the alleged overpayment resulting from the inclusion of the value of insurance policies in gross estate. On May 6, 1929, that court determined that the estate tax had been overpaid to the extent of $4,865.20, 67 Ct.Cl. 613. Judgment was entered accordingly, and was paid by the government. In the proceedings in that court, no mention was made of the Missouri real estate.

On February 4, 1930, the appellants filed a claim for refund of so much of the tax as was attributable to the inclusion of the value of the Missouri real estate in gross estate. On June 28, 1930, this claim was rejected; and on June 25, 1932, this action was commenced.

The sole question presented is whether the judgment of the Court of Claims of May 6, 1929, is a bar to the maintenance of this action. The appellants contend that it is not, for the following reasons: (1) The suit in the Court of Claims was upon a different cause of action; (2) the appellants at the time of the trial of their suit in the Court of Claims had no knowledge that, under the Revenue Act of 1918, the value of Missouri real estate was not to be included in gross estate, and they had been misled by the ruling of that court in Steedman v. United States, 63 Ct.Cl. 226, certiorari denied 275 U.S. 528, 48 S.Ct. 20, 72 L.Ed. 408 into believing that the value of Missouri real estate was required to be included in gross estate.

The estate tax was an entirety. It was a single tax based upon percentages of the net taxable value of the whole estate. It was not an aggregation of separate taxes upon separate items which went to make up the net taxable value of the estate. A single tax was assessed, and a single tax was paid. Because the tax assessed and paid was in excess of what was legally due the government, it was obligated to repay the entire excess; but the cause of action for the recovery of the whole excess arose out of one transaction and was a single cause of action, regardless of the number of grounds upon which the tax was excessive. A judgment having been obtained by the appellants for so much of the overpayment of the tax as was due to the inclusion of the value of insurance policies which were not a part of gross estate, this action to recover so much of the overpayment as was due to the inclusion of the value of Missouri real estate would seem to be barred by that judgment.

"The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. *In the former case a judgment upon the merits is an absolute bar to the subsequent action.*" (Italics supplied.) Tait v. Western Maryland Railway Co., 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L.Ed. 1405. The reason for this is that a judgment, if rendered upon the merits, is conclusive not only as to all matters which were decided, but as to all matters which might have been decided. Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Bates v. Bodie, 245 U.S. 520, 526; 38 S.Ct. 182, 62 L.Ed. 444, L.R.A.1918C, 355; Myers v. International Trust Co., 263 U.S. 64, 70, 44 S.Ct. 86, 87, 68 L.Ed. 165; United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262. The ap-

pellants were not at liberty to split up their claim for the recovery of their overpayment of the estate tax, and to prosecute it piecemeal or to present in their first suit only a portion of the grounds upon which they based their claim that the tax had been overpaid, and leave another ground or other grounds to be presented in a subsequent action. Stark v. Starr, 94 U.S. 477, 485, 24 L.Ed. 276; Werlein v. New Orleans, 177 U.S. 390, 398, 400, 20 S.Ct. 682, 44 L.Ed. 817; Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 320, 47 S.Ct. 600, 602, 71 L.Ed. 1069; Grubb v. Public Utilities Commission, 281 U.S. 470, 478, 50 S.Ct. 374, 378, 74 L.Ed. 972; Winship v. Ricketts, 8 Cir., 32 F.2d 476, 478; Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412, 416; Bowe-Burke Mining Co. v. Willcuts, D.C., 45 F.2d 394, 395; Bertelsen v. White, D.C., 58 F.2d 792, 796; Chicago Junction ·Rys. & Union Stock Yards Co. v. United States, Ct.Cl., 10 F.Supp. 156, 159.

■ The appellants argue that because they had filed no claim for refund based upon the inclusion of the value of Missouri real estate in gross estate, prior to their suit in the Court of Claims, and could, therefore, not have successfully urged that ground in that court, the judgment which they recovered should not bar this action. A claim for refund is a procedural prerequisite to the bringing of suit, United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025, which can be waived by the government, and, "if compliance is insisted upon, dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations." Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253. The existence of the appellants' cause of action was in no way dependent upon their claims for refund, and a single cause of action for the recovery of a tax cannot be split up by the filing of separate claims for refunds based upon different grounds. See Chicago Junction Rys. & Union Stock Yards Co. v. United States, Ct.Cl., 10 F.Supp. 156, 158, 159, supra.

■ That the rule of res judicata applies to tax cases to the same extent as to other cases was definitely decided by the Supreme Court in Tait v. Western Maryland Railway Co., supra, in which the court said (at page 624 of 289 U.S.,

at page 707 of 53 S.Ct., 77 L.Ed. 1405): "We are not persuaded that the operation of the principle of the thing adjudged in tax cases will, as petitioner insists, produce serious inequalities, or result in great confusion; but any adverse consequence in the administration of the law furnishes no sufficient reason for the abandonment of a rule founded in sound policy, to the enforcement of which suitors are in justice entitled."

There remains to be considered the contention of appellants that the rule of res judicata is not applicable to this action, because of their justifiable lack of knowledge (prior to the entry of judgment in the Court of Claims) that section 402 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1097, 1098, did not call for the inclusion of the value of the Missouri real estate in gross estate.

The Court of Claims had ruled on February 28, 1927, in the case of Steedman v. United States, 63 Ct.Cl. 226, that the value of such real estate was to be included in gross estate. Certiorari was denied by the Supreme Court on October 10, 1927, 275 U.S. 528, 48 S.Ct. 20, 72 L.Ed. 408. Before certiorari was denied in the Steedman Case, and on May 20, 1927, the appellants had commenced their suit in the Court of Claims. On September 13, 1928, Judge Otis, for the United States District Court for the Western District of Missouri, in the case of Harrelson v. Crooks, 28 F.2d 510, held that the value of Missouri real estate was not required to be included in gross estate, under the Revenue Act of 1918. It was not until May 6, 1929, that the appellants recovered their judgment in the Court of Claims. On October 1, 1929, this court affirmed. the decision of Judge Otis (see Crooks v. Harrelson, 8 Cir., 35 F.2d 416). On February 4, 1930, the appellants filed their claim for refund based on the inclusion of the value of the Missouri real estate. The Supreme Court on November 24, 1930, in Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156, affirmed the decision of this court.

■ We think it is not necessary to decide whether, in this situation, the failure of the appellants to bring into their proceedings in the Court of Claims, as a ground for the recovery of the overpayment of the estate tax, their erroneous inclusion of the value of Missouri real estate in gross estate, was justifiable, as

they claim, or was not justifiable, as the government claims. The rule of res judicata is based upon that public policy which requires that a single controversy which is capable of being completely determined in one suit shall be ended by the judgment in that suit, and shall not become the subject matter of subsequent litigation. See Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355. "The public policy upon which the rule is founded has been said to apply with equal force to the sovereign's demand and the claims of private citizens. Alteration of the law in this respect is a matter for the law-making body rather than the courts." Tait v. Western Maryland Ry. Co., supra, 289 U.S. 620, 624, 53 S.Ct. 706, 707, 77 L.Ed. 1405. The same public policy which gives rise to the rule should, we think, prevent its applicability being made dependent upon the knowledge or lack of knowledge of the parties as to their legal rights. Moreover, while a judgment upon the merits may be set aside for equitable reasons in a direct proceeding brought for that purpose, it may not be impeached collaterally. "To hold, therefore, that the conclusive effect of a judgment either as an estoppel or as a merger or bar may be escaped by showing even justifiable ignorance of the existence of facts or evidence which might otherwise have been presented, or of other grounds upon which an omitted or rejected claim might have been sustained, is a clear violation of the fundamental policy and purpose of the doctrines of res judicata and collateral attack." Freeman on Judgments, 5th Ed., Vol. 2, § 553, p. 1178.

It is true, however, that courts have recognized such an exception as is contended for by the appellants. Freeman on Judgments, 5th Ed., Vol. 2, § 554, p. 1179; Wilson v. Colorado Min. Co., 8 Cir., 227 F. 721, 729; Lord Bagot v. Williams, 3 Barn. & Cress. 235, 107 Eng. Reports Reprint, 721, 722, 723; Kane v. Morehouse, 46 Conn. 300, 304; Gedney v. Gedney, 160 N.Y. 471, 475, 55 N.E. 1; Johnson v. Provincial Ins. Co., 12 Mich. 216, 222, 86 Am.Dec. 49; Phillips v. Bossard, D.C., 35 F. 99; Vineseck v. Great Northern R. Co., 136 Minn. 96, 161 N.W. 494, 2 A.L.R. 530.

We have been unable to find, however, that the Supreme Court of the United States has ever recognized ignorance or mistake as justifying a refusal to apply the rule that a prior judgment upon the merits is a bar to a second action upon the same claim or demand. That court, as already pointed out, has recently said, without any qualifying language, that such a judgment "is an absolute bar to the subsequent action." Tait v. Western Maryland Railway Co., supra, 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L.Ed. 1405.

The judgment is affirmed.