**CLEVELAND et al. v. HIGGINS, Collector of Internal Revenue.**

District Court, S. D. New York.

May 1, 1943.

Earl A. Darr, of New York City, for plaintiffs.

Mathias F. Correa, U. S. Atty., of New York City (Arnold C. Stream, Asst. U. S. Atty., of New York City, of counsel), for defendant.

LEIBELL, District Judge.

The defendant has moved the Court for an order dismissing the plaintiffs' complaint for failure to state a claim upon which relief can be granted. The present action is brought by the plaintiffs as executors for the recovery of an alleged overpayment of the Federal Estate Tax on the estate of the late, Alfred W. Erickson.

In substance, the complaint contains the following allegations.

Alfred W. Erickson, a resident of the Borough of Manhattan, New York City, died on or about November 2, 1936, and his last will and testament was thereafter admitted to probate in the New York County Surrogate's Court. Letters testamentary were issued to the plaintiffs who have ever since been the executors of the said will.

The plaintiffs filed their return of the Federal Estate Tax on the decedent's estate, at the same time exercising the option given them by Section 302 (j) of the Revenue Act of 1926, as amended by Section 404 of the Revenue Act of 1934 and Section 202 (a) of the Revenue Act of 1935, 26 U.S.C.A. Int.Rev. Code, § 811 (j), to have the value of the estate determined as of a date one year after Mr. Erickson's death. The Commissioner of Internal Revenue, acting pursuant to Article 11 of Regulations 80, which purport to be interpretations of the legislation pertaining to the assessment of Federal Estate Taxes, there-

after included in the gross of decedent's taxable estate, $242,050.93, the income earned by the estate during the year following Mr. Erickson's death. The Commissioner of Internal Revenue then determined that the correct Federal Estate tax, computed on the estate as thus increased, was $1,489,824.71, which amount, plus interest, was paid in two instalments, the last on September 29, 1939.

In the belief that the above-mentioned year's income of $242,050.93 should not have been included in the decedent's gross estate for tax purposes, the plaintiffs duly filed a claim for refund with the Commissioner of Internal Revenue on October 24, 1939. On November 24, 1939, an amended claim for refund, based upon the recited facts, was likewise filed. The Commissioner of Internal Revenue completely rejected the original claim and the amended claim on or about January 29, 1940. Meanwhile, the plaintiffs had retained the law firm of Phillips & Avery and it was these attorneys who had perfected and filed the refund claims. When the claims were rejected, the plaintiffs, acting through their attorneys by Earl A. Darr, a member of the firm, instituted a civil action in this Court (hereinafter referred to as action No. 1) against the present defendant. The purpose of action No. 1 was to compel repayment of the tax sum in controversy, the $101,177.27 and interest. The action was dismissed with prejudice after the defendant paid the plaintiffs a refund of $122,243.53 ($105,823.49 with interest from September 29, 1939). The complaint in this present action No. 2 does not allege when the payment was made in settlement of action No. 1 or when the said action was dismissed with prejudice.

The amount charged by Phillips & Avery for their legal services in connection with the claim for refund, the civil action and the result obtained, was $18,346.18, and the plaintiffs paid that indebtedness on or about August 21, 1942. The complaint does not show when the bill was rendered or any of its details. The plaintiffs followed this on or about September 14, 1942, by filing with the defendant a further claim for the refund of $7,668.69, with interest. A copy of the claim (which will be hereinafter referred to as claim No. 2) is annexed to the complaint and it demonstrates that the basis of the demand was the additional sum which the plaintiffs had to pay for attorneys' fees and disbursements in obtaining the previous refund through action No. 1. The money thus paid to Phillips & Avery was claimed to be "a proper deduction in arriving at the amount of the Estate tax on said Estate" (an expense in the administration of the estate), thus allegedly warranting a smaller net estate, a smaller total Estate Tax, and a refund as claimed. Claim No. 2 was rejected by the Commissioner of Internal Revenue on or about November 16, 1942, by registered mail. A copy of the letter of rejection is annexed to the complaint. After referring to the previous action and the steps there taken, including the payment to the plaintiffs, it stated: "In view of the agreement on the part of the representatives of this estate to receive the said sum in full settlement of all issues involved, it would appear that the determination of the Federal estate tax liability of this estate is res adjudicata. In this connection see the case of Guettel v. United States [8 Cir.], 95 F.2d 229 [118 A.L.R. 1060]."

The complaint in action No. 2 states that under the applicable Federal Estate Tax Law administration expenses are proper deductions from the gross estate for estate tax purposes; that the applicable Regulations, promulgated by the Commissioner of Internal Revenue, regard attorneys' fees as part of the administration expenses; and that the laws of the State of New York, governing the administration of the estate, regard the said legal expenditure as a proper item of administration expense.

Claiming jurisdiction in this Court by reason of Section 41, subdivision (5) of 28 U.S.C.A., section 24(5) of the Judicial Code, the complaint in action No. 2 demands judgment for the sum of $7,668.69 with interest thereon from September 14, 1942.

■■ A motion of this kind searches no further than the complaint itself (including any documents annexed to and made part of the complaint) in determining whether a valid claim for relief is stated. All the allegations of the complaint must be taken as true and are to be considered in a light most favorable to the plaintiff. Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865.

It is the defendant's contention that the complaint in action No. 2 shows on its face that it fails to state a claim on which relief can be granted, in that it pleads facts which constitute res adjudicata and estoppel and bar the plaintiffs' present action. The defendant urges that the Federal Estate Tax is a single tax; that the plaintiffs'

previous litigation, followed by a dismissal with prejudice and payment by the defendant, is decisive of all the issues which were, or could have been, raised at that time in connection with the indivisible tax in question, that the present claim could have been included, in an estimated amount, in the claim for refund on which the first suit (action No. 1) was brought, and that this complaint in action No. 2, having recited the other suit on the previous claim for refund, is insufficient in law on its face.

The plaintiffs argue that whatever the law may be in other cases, it cannot bar this action because the expense upon which this claim for refund is based was not ascertained prior to the conclusion of the previous action, and that, even if it had been, no action could have been brought thereon until after full compliance with the legal condition precedent requiring the presentation and rejection of a claim for refund before it could be the basis of an action at law.

The first question presented by this motion appears to be this: Could the plaintiff executors have included in their first claim for refund ($101,177.27, filed October 24, 1939, amended November 24, 1939) an estimated but undetermined amount representing the sum by which the Federal Estate tax should be reduced if the attorneys' fees for filing and litigating the said claim for refund was a proper administration expense? In my opinion they could not. No facts were available at the time of the first claim for refund on which any one could form any reliable estimate of what the attorneys' fees would be for services to be rendered in connection with the said claim for refund or with the litigation that might follow if the claim was rejected. The attorneys' fee would depend on many elements—the time consumed, the intricate character of the points involved, the extent to which the claim would be litigated through the courts, and the results obtained. No one could even hazard a guess on any one of these elements at that time. It so happened that after the litigation (action No. 1) was instituted on that claim for refund, the United States Supreme Court decided the appeal of Maass v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 632, 85 L.Ed. 940, 132 A.L.R. 1035, decided March 3, 1941. In that case it was held that "where an executor avails himself of the option extended by the estate tax law to value a decedent's gross estate as of one year after the decedent's death, rents, dividends, and interest received and accrued during the year" are not "to be added to the value of the property to which they are attributable and included in the value of the gross estate".

In First National Bank of Birmingham v. United States, D.C., 25 F.Supp. 816, 818, the executor of an estate, suing for a refund of Federal Estate taxes, did the very thing which the government in the present case contends plaintiff should have done, and included in a claim for refund, an amount to cover the expense of attorneys' fees in connection with the claim and the litigation thereon. The opinion of District Judge Murphree states:

"Since I conceive one chief purpose of the requirement of filing a claim for refund prior to suit to be to give the Commissioner an opportunity to examine the claim and allow it if it is well founded, and this opportunity is not given when—as here—the claim is for an indefinite amount and for a prospective expense not yet accrued or determined, I hold that the claim for refund which was filed by Mr. Kaul's executors was insufficient to allow that part of this suit which makes claim for reduction of the estate by the amount of attorney's fees.

"My conclusion is based on the insufficiency and prematurity of the claim for refund and of the claim itself."

The claim of the executors based on the expense for attorneys' fees (claim No. 2) had not matured in October 1939. Whether or not there could be any claim No. 2 was dependent upon their success on Claim No. 1. It was held in Goodyear Tire & Rubber Co. v. Marbon Corporation, D.C., 32 F.Supp. 279, that pleading a claim for damages arising from the wrongful bringing of an action, before the final determination of said action, is premature.

If the executors of this estate could not properly include in their claim for refund No. 1, the subject of their claim for refund No. 2, it is clear that they could not have included in action No. 1 the subject of their claim for refund No. 2. Action No. 1 could not embrace anything not included in the claim for refund No. 1. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, at page 272, 51 S.Ct. 376, 75 L.Ed. 1025.

■ Since the claim of the present suit was not involved in the prior suit, and for reasons above stated could not have been included therein, it seems to me that the determination of the prior suit is not res judicata of the issue presented by the present suit.

■ Whether or not the payment made in settlement of the prior suit was a satisfaction and settlement of the claim involved in the present, I cannot say. The letter of the Commissioner of Internal Revenue, dated November 12, 1942, rejecting the last claim for refund (claim No. 2), refers to some agreement of settlement between the parties. What its terms were is not pleaded in the complaint and is not sufficiently clear from the Commissioner's said letter. However, on the pleading I cannot say that plaintiffs were in any way estopped by the prior claim for refund, or by the prior suit, and its subsequent dismissal with prejudice, from filing the second claim for refund which is the basis of the present suit (action No. 2) or from instituting the present suit. In Tait v. Western Md. Ry. Co., 289 U.S. 620, page 623, 53 S.Ct. 706, page 707, 77 L.Ed. 1405, Mr. Justice Roberts wrote: "1. The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action. Cromwell v. County of Sac, 94 U.S. 351, 352, 353, 24 L.Ed. 195; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262."

Defendant relies heavily on Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060, certiorari denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383. In that case the executors of an estate had included in the gross estate, in computing the Federal Estate taxes, the proceeds of certain insurance policies and certain Missouri real estate. Later they filed a claim for refund of so much of the tax as was attributable to the inclusion of the value of the insurance policies in the gross estate. The claim was rejected and in a suit subsequently brought in the Court of Claims to recover the alleged overpayment resulting from the inclusion of the value of the insurance policies in the gross estate a judgment was entered in favor of the executors for $4,-865.20, which the Government paid. Later the executors filed a claim for refund of so much of the Federal Estate tax as was attributable to the mistaken inclusion of the Missouri real estate in the gross estate. That claim was also rejected. The executors then sued in the United States District Court on the second rejected claim. The Government pleaded the judgment of the Court of Claims as a bar to the maintenance of the District Court action. From a judgment for the defendant, D.C., 17 F.Supp. 725, the plaintiffs appealed to the Circuit Court of Appeals (8th Cir.). The Circuit Court held [95 F.2d 230, 118 A.L.R. 1060]: "The estate tax was an entirety. It was a single tax based upon percentages of the net taxable value of the whole estate. It was not an aggregation of separate taxes upon separate items which went to make up the net taxable value of the estate. A single tax was assessed, and a single tax was paid. Because the tax assessed and paid was in excess of what was legally due the government, it was obligated to repay the entire excess; but the cause of action for the recovery of the whole excess arose out of one transaction and was a single cause of action, regardless of the number of grounds upon which the tax was excessive. A judgment having been obtained by the appellants for so much of the overpayment of the tax as was due to the inclusion of the value of insurance policies which were not a part of gross estate, this action to recover so much of the overpayment as was due to the inclusion of the value of Missouri real estate would seem to be barred by that judgment."

Certiorari was denied by the Supreme Court (305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383), which probably indicates agreement in the result. I think the result was correct but it seems to me that the statement of the above quoted legal principle was too broad. There was no provision of the internal revenue statutes or of the Regulations, in respect to Federal Estate Taxes, that limits a taxpayer to only one lawsuit for the recovery of an erroneous overpayment of Federal Estate Taxes. The result in the Guettel case was correct because the plaintiffs could have readily included in their first claim for refund, the claim later asserted in their second claim for refund.

I think that the present case can be distinguished from the Guettel case. There

the existence of the Missouri real estate as an asset of the estate was'known and so was its value. Whether or not it was to be included as an asset in computing the gross estate was a question of law. About six months after the executors had brought their suit in the Court of Claims, but before the Court of Claims rendered its decision, it was determined by a United States District Court in Missouri, in another case (Harrelson v. Crooks, 28 F.2d 510), that Missouri real estate was not required to be included in gross estate under the Federal Revenue Act of 1918, 40 Stat. 1057. On appeal that decision was affirmed. 8 Cir., 35 F.2d 416. Meanwhile the plaintiff executors in the Guettel case had recovered a judgment in the Court of Claims. Six months later the Circuit Court of Appeals for the Eighth Circuit affirmed the Harrelson case. Thereafter the executors of Guettel filed a claim for a refund of so much of the tax as was attributable to the inclusion of the value of the Missouri real estate in the gross estate. That claim was rejected and suit was then brought in a United States District Court which sustained the Government's plea that the judgment of the Court of Claims on the first claim for refund was a bar to the suit on the second claim for refund in the District Court.

In the case at bar, as I have heretofore pointed out, no factual basis for the second claim for refund existed at the time the first claim for refund was filed herein. The assertion of claim No. 2 would have been premature if included in claim No. 1. In the absence of a specific statutory or regulatory provision barring the assertion of a second claim for refund where the facts on which it is based arose subsequent to the filing and payment of a prior claim for refund, I do not think that the Court should itself create such a bar.

In denying defendant's motion addressed to the complaint herein (action No. 2) I express no opinion on the legal effect of the agreement of settlement under which claim No. 1 was paid, because the terms of said agreement are not before me. It seems to me that defendant's most effective summary remedy is to plead its special defenses in its answer and then (if there are no material issues of fact) move for summary judgment on supporting affidavits under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.