## McCOY v. UNITED STATES.

### No. 373.

District Court, W. D. Arkansas, Fort Smith Division.

April 13, 1944.

Carlos B. Hill and G. T. Sullins, both of Fayetteville, Ark., for plaintiff.

C. R. Barry, U. S. Atty., and Nelson H. Sadler, Asst. U. S. Atty., both of Fort Smith, and Charles L. Chalender, Atty., Department of Justice, of Springfield, Mo., for defendant.

MILLER, District Judge.

On October 1, 1943, plaintiff, John C. McCoy, by his next friend, filed suit against the defendant, United States of America, alleging that he is now and has been totally and permanently disabled from following any gainful occupation since his discharge from the United States army on December 25, 1919, by reason of mental disability as particularly set forth in the complaint.

On November 29, 1943, the defendant filed its answer setting up three separate defenses. The first is a general denial of the allegations of the complaint.

The second defense is that the plaintiff brought a suit in his own name on the same cause of action in the United States District Court for the Western District of

Washington on May 23, 1939; that at the conclusion of the trial of said clause on August 14, 1941, plaintiff was allowed to dismiss said action without prejudice; that on June 24, 1942, plaintiff filed a complaint in his own name in this court, being civil action No. 326, upon the same cause of action, to which the defendant filed its answer on August 17, 1942. In its answer to that suit the defendant alleged that the plaintiff's cause of action, if any, accrued on or prior to July 1, 1927, and that the action was not commenced within the time required by Section 19 of the World War Veterans' Act 1924, as amended, Title 38, Section 445, U.S.C.A., and that the court did not have jurisdiction to hear and determine the same.

A pre-trial conference was held on August 24, 1942, at which time the jurisdictional question was fully argued, and at the conclusion of the argument plaintiff's attorney requested permission to file an amended complaint, which permission was granted.

On December 28, 1942, the plaintiff, in his own name and by his attorney, filed an amended complaint, and on January 26, 1943, the defendant filed a motion to dismiss the amended complaint for the reason that said suit was not brought within the time allowed by the statute, supra, and that the court was without jurisdiction to entertain said suit. On September 16, 1943, the motion to dismiss was presented to the court and on that date an order was entered dismissing the complaint and amended complaint for lack of jurisdiction.

The defendant alleges that the judgment entered by the court on September 16, 1943, finally determined the question of jurisdiction and that the same is res judicata.

The third defense alleged in the answer is that the action was not commenced within the time required by the statute, 38 U.S.C.A. § 445, and the court does not have jurisdiction to hear and determine same.

The plaintiff has filed a motion to strike the second and third defenses set forth in the answer as above outlined on the ground that they do not constitute a defense to the action.

The Government contends that the judgment entered in civil action No. 326 on September 16, 1943, wherein the complaint of plaintiff was dismissed for lack of jurisdiction to hear and try this same cause of action, is res judicata as to the jurisdiction of the court in the instant cause. The plaintiff in his brief states: "The only question involved is the judgment dismissing plaintiff's cause of action on September 16, 1943."

The attorneys for the plaintiff and the defendant have ably briefed their respective contentions. One of the attorneys for plaintiff in the instant suit was his attorney in civil action No. 326, above referred to, and filed the original and the amended complaint therein, and has appeared at all times in this court in behalf of the plaintiff.

The plaintiff now contends that he is mentally incompetent by reason of epilepsy, psychosis and mental deterioration; that he was mentally incompetent at the time the suit was filed and tried in the United States District Court for the Western District of Washington and likewise mentally incompetent at the time the complaint and amended complaint was filed and the proceedings had in this court in civil action No. 326; that his disability has never been removed and that at the time civil action No. 326 was dismissed by this court for lack of jurisdiction the mental condition of plaintiff was not known to the court. He contends that the provisions of Section 445 of Title 38 U.S.C.A., providing, "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities", relieves him of the effect of the judgment this court entered on September 16, 1943, and that under the allegations contained in the complaint herein, the court has jurisdiction to entertain the instant suit.

There is no allegation in the complaint that the plaintiff has been adjudicated incompetent by any court or that there is any such existing adjudication, but the defendant on its brief states that on October 24, 1928, a guardian was appointed in the State of Washington for plaintiff; that on January 28, 1933, at a hearing before the court which appointed said guardian, the plaintiff was found sane and his guardian was discharged, and that he has never been adjudicated incompetent by any court since that date; that the plaintiff married in 1936, and has been regularly receiving compensation in his own name because of a diagnosis of epilepsy and not because of insanity.

962

There was no allegation in either the complaint filed in the District Court for the Western District of Washington or in the complaint or amended complaint filed in this court in civil action No. 326 that the plaintiff was suffering from any mental disability. Neither is there any allegation in the complaint in the instant cause that the plaintiff has been declared incompetent by any court nor that he is now under guardianship by reason thereof.

The capacity of an individual, other than one acting in a representative capacity, to sue or be sued is determined by the law of his domicile. Rule 17(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. And if an incompetent person does not have a duly appointed representative he may sue by his next friend or by guardian ad litem. Rule 17(c), supra. To the same effect is Section 1332 of Pope's Digest of the Statutes of Arkansas.

In Peters v. Townsend, 93 Ark. 103–106, 124 S.W. 255, 256, the court said: "Section 34, art. 7, Constitution 1874, provides that probate courts shall have 'exclusive original jurisdiction in matters relative to * * * persons of unsound mind and their estates'; but an insane person not under guardianship can sue and be sued the same as a sane person, and the foregoing provision of the Constitution does not exclude the jurisdiction of other courts to hear and determine suits by or against insane persons, whether under guardianship or not." (Citing authorities).

In the case of Patton v. Taylor, 144 Ark. 254–258, 222 S.W. 49, 50, the court said: "It is proper, when a defendant, not under guardianship, develops evidences of insanity for the court to inquire into his mental condition for purposes of the particular suit, in order to protect his interests by the appointment of a guardian or next friend to defend for him. Peters v. Townsend, 93 Ark. 103, 124 S.W. 255. Such inquiry might be appropriate to protect a sane defendant against the unauthorized suit of an insane person, but no such inquiry was suggested or demanded by appellants, and none was made on the court's own motion. An insane person, under guardianship, can sue and be sued, the same as a sane person. Peters v. Townsend, supra. Not having initiated such inquiry in the court below, appellants cannot now insist that the suit should have been dismissed on account of the insanity of appellee, the plaintiff below."

No suggestion was made by the attorney for plaintiff at any time during the proceedings in civil action No. 326, nor did anything occur in the proceedings to advise the court that the plaintiff was at that time incompetent. The suit had been filed in his own name and an amended complaint was also filed. The case was pending for several months and during its pendency the question of the jurisdiction of the court was argued and at no time did the court have any notice whatsoever that the plaintiff was incompetent. In the brief before the court the attorneys for plaintiff state, "The court sustained the motion to dismiss for lack of jurisdiction, which on the face of the complaint without knowledge of the true facts would have been correct, but the complaint now before the court states a cause of action within the jurisdiction of the court and the cause having been dismissed for reasons not affecting the merits, a new action may be brought."

The attack now made upon the judgment of the court dismissing the former action, civil action No. 326, is a collateral attack, and since the court had jurisdiction to hear and determine civil action No. 326, the plaintiff cannot collaterally attack the judgment of the court. Kindrick, Curator, v. Capps, 196 Ark. 1169, 121 S.W.2d 515.

In 28 American Jurisprudence, pp. 735–36, § 103, the rule is stated as follows: "Hence, the generally prevailing rule of law is that an insane person, who is not under guardianship or has not been otherwise adjudicated incompetent to manage his affairs, may appear and prosecute or defend by attorney any ordinary action at law if no special reason is shown to the contrary, and that such insane person will be bound by the result of the proceedings." See, also, 32 C.J. § 570 (b), p. 763.

The judgment dismissing civil action No. 326 was based upon the fact that the right of the plaintiff to sue the Government on the contract of war risk insurance did not exist at the time the suit was filed. The provision of Section 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445, is not strictly speaking a statute of limitation. It confers a right to sue the Government under certain conditions and the existence of such conditions at the time of the filing of the suit is an indispensible requisite of jurisdiction. Vaughn et al. v. United States,

D.C.E.D.Ark., 43 F.Supp. 306. Thus, the court decided the question of the jurisdiction in the case at that time.

In Stoll v. Gottlieb, 305 U.S. 165-172, 59 S.Ct. 134, 137, 83 L.Ed. 104, the court said: "After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact. We see no reason why a court in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation."

In the case of Sunshine Anthracite Coal Company v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 917, 84 L.Ed. 1263, the court said: "The suggestion that the doctrine of res judicata does not apply unless the court rendering the judgment had jurisdiction of the cause is sufficiently answered by Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, and Treinies v. Sunshine Mining Company, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. As held in those cases, in general the principles of res judicata apply to questions of jurisdiction as well as to other matters—whether it be jurisdiction of the subject matter or of the parties."

There is no allegation in the present complaint of fraud in obtaining the judgment in civil action No. 326, although the attorneys on the brief for plaintiff suggest that the attorneys for the defendant should have advised the court at the time that the plaintiff was an incompetent. There is no suggestion that the attorneys knew plaintiff was incompetent. His claim for compensation was not based on that ground and he was then and now is receiving compensation in his own name. There is no charge that the judgment of the court was rendered because of any fraud on the part of any one. As a matter of fact, the plaintiff was not at that time and is not now under any adjudication of incompetency. He had filed in his own name two suits on this same cause of action and as hereinbefore stated one of the attorneys now appearing for the plaintiff was his attorney in civil action No. 326. At that time the plaintiff was married, and certainly if he were incompetent, his wife who now appears as next friend knew all of the facts and should have advised his then attorneys of them. Under these facts the plaintiff cannot now be heard to say that he was incompetent during all of these years and thus seek to escape the force and effect of the judgment of this court rendered on September 16, 1943.

In the case of Guettel et al. v. United States, 8 Cir., 95 F.2d 229, 232, 118 A.L.R. 1060, the court said: "The rule of res judicata is based upon that public policy which requires that a single controversy which is capable of being completely determined in one suit shall be ended by the judgment in that suit, and shall not become the subject matter of subsequent litigation. See Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L. Ed. 355. 'The public policy upon which the rule is founded has been said to apply with equal force to the sovereign's demand and the claims of private citizens. Alteration of the law in this respect is a matter for the lawmaking body rather than the courts.' Tait v. Western Maryland Ry. Co., supra, 289 U.S. 620, 624, 53 S.Ct. 706, 707, 77 L.Ed. 1405. The same public policy which gives rise to the rule should, we think, prevent its applicability being made dependent upon the knowledge or lack of knowledge of the parties as to their legal rights. Moreover, while a judgment upon the merits may be set aside for equitable reasons in a direct proceeding brought for that purpose, it may not be impeached collaterally. 'To hold, therefore, that the conclusive effect of a judgment either as an estoppel or as a merger or bar may be escaped by showing even justifiable ignorance of the existence of facts or evidence which might otherwise have been presented, or of other grounds upon which an omitted or rejected claim might have been sustained, is a clear violation of the fundamental policy and purpose of the doctrines of res judicata and collateral attack.' Freeman on Judgments, 5th Ed., Vol. 2, § 553, p. 1178."

The question here was squarely presented to and determined by the court in civil action No. 326. The motion to strike the second and third defenses alleged in the answer is not well founded and should be overruled. The judgment in civil action No. 326 has settled the question of jurisdiction of this court and there is no genuine issue to be tried now. Therefore, a judgment will be entered dismissing the complaint of plaintiff.